OPINION
{¶ 1} Appellant Jill E. Orians, nka Jill E. Kinshaw ("Kinshaw") brings this appeal from the judgment of the Court of Common Pleas of Wyandot County, Domestic Relations Division modifying a prior decree allocating parental rights and naming appellee Bruce A. Orians ("Orians") as the residential parent of the children.
 {¶ 2} Kinshaw and Orians were married on December 8, 1984. During the course of the marriage, three children were born. On November 21, 2003, a petition for a dissolution was filed. Two of the three children were still minors at that time. Orians was granted residential parent status of Reece A. Orians, born May 21, 1988. Kinshaw was granted residential parent status of William L. Orians, born February 11, 1998.
 {¶ 3} On March 9, 2005, Kinshaw filed a notice, pursuant to R.C. 3109.05(G)(1) indicating a planned move to Florida. On March 21, 2005, Orians filed a motion to modify allocation of parental rights in order to obtain residential parent status of William. A hearing was held on the motion on June 1, 2005. On June 7, 2005, a magistrate's decision was filed which recommended granting Orians' motion because it was based upon the best interest of William. Kinshaw filed her objections to the magistrate's decision on June 24, 2005, and specifically objected to the failure of the magistrate to determine whether the harm caused by the modification is outweighed by the benefits of the modification and the magistrate's alleged failure to determine that the change in circumstances had an adverse effect on William. On September 9, 2005, the trial court overruled Kinshaw's objections. Kinshaw appeals from this judgment and raises the following assignments of error.
The court abused its discretion in finding that a change incircumstances had occurred, as said finding in unreasonable inlight of the evidence presented.
 The court abused its discretion by failing to make a findingthat the harm caused by a change in custody is outweighed by thebenefits resulting from said change as required by [R.C.3109.04(E)(1)(a).
 {¶ 4} R.C. 3109.04 addresses the requirements to modify a prior decree allocating parental rights.
(E)(1)(a) The court shall not modify a prior decree allocatingparental rights and responsibilities for the care of childrenunless if finds, based on facts that have arisen since the priordecree or that were unknown to the court at the time of the priordecree, that a change has occurred in the circumstances of thechild, the child's residential parent, or either of the parentssubject to a shared parenting decree, and that the modificationis necessary to serve the best interest of the child. In applyingthese standards, the court shall retain the residential parentdesignated by the prior decree or the prior shared parentingdecree, unless a modification is in the best interest of thechild and one of the following applies:
* * *
(iii) The harm likely to be caused by a change of environmentis outweighed by the advantages of the change of environment tothe child.
R.C. 3109.04(E)(1)(a).
 {¶ 5} In the first assignment of error, Kinshaw claims that the trial court erred in finding a change of circumstances has occurred. Specifically, the trial court found by adopting the magistrate's opinion that the following changes of circumstances had occurred.
The Respondent is wishing to relocate to the State of Floridafor reasons other than employment. The Respondent is gettingremarried to a gentleman who has a child of his own living withhim. The Respondent has changed the minor child's educationsituation in that since October of 2004 he is not permitted toparticipate in certain activities at school due to Respondent'sreligious beliefs. Respondent has allowed the minor child to callher fiancé "Dad". In addition the parents have become lesslikely to agree in that Respondent has refused parenting time atthe request of Movant and stated the minor child shall remainwith a caregiver rather than his Father. Further Respondent nolonger feels it is in the minor child William's best interest tospend time with his older brother Reece, as is stated in theJudgment Entry Decree of Dissolution Separation Agreement. Inthat document it specifically states the parents wishes were thatthe two minor boys spend every weekend together. Respondenttestified she no longer believes this. She further testified thatshe did not believe this at the time the Dissolution was granted,but in her words "it was negotiated". The Court can only look atthe documents as filed in the case, and not the allegednegotiations. The documents states the minor children shall spendevery weekend together and Respondent does not believe this to bein the child's best interest. Further Respondent testified shehas no employment in Florida, her fiancé is on worker'scompensation disability, and said disability payments will betheir only source of income. The minor child has three sets ofGrandparents, numerous Aunts, Uncles and Cousins in the WyandotCounty area. Respondent also testified that she is moving toFlorida and "they will be a family there". All of these combinedis a sufficient change in circumstance to allow the Court tofurther look at the best interest of the child and whether theharm in the change is outweighed by the advantages of the change.

 {¶ 6} Magistrate's Decision, June 7, 2005, 2-3. A review of the record finds that these findings are supported by the record. These findings are changes in the circumstances of the life of the residential parent and/or the child that occurred after the prior decree as required by R.C. 3109.05(E)(1)(a). Although the magistrate failed to determine that these factors had an adverse effect on the child, the trial court addressed this issue and found that "maintaining mother as the residential parent will subject the child to instability and uncertainty which would materially and adversely effect any child." September 9, 2005, Judgment Entry, 2. Thus, the trial court did not err in finding that changes of circumstances existed. The first assignment of error is overruled.
 {¶ 7} Next, Kinshaw alleges that the trial court erred by failing to make a finding that the harm caused by a change in custody is outweighed by the benefits resulting from the change as required by R.C. 3109.04(E)(1)(a). A review of the judgment entry reveals that the trial court fully discussed the adverse effect that the move to Florida would have on William if Kinshaw retained custody. However, no finding was made that the harm of modifying the prior decree was outweighed by the benefits of doing so. R.C. 3109.04(E)(1)(a) requires the trial court to determine that 1) a modification is in the best interest of the child and 2) that the harm likely to be caused by the change is outweighed by the benefits. R.C. 3109.04(E)(1)(a)(iii). The trial court erred in not addressing it. Since this issue was one specifically raised by Kinshaw in her objections to the magistrate's opinion, the second assignment of error is sustained.
 {¶ 8} The judgment of the Court of Common Pleas of Wyandot County, Domestic Relations Division is reversed and the matter is remanded for further proceedings.
Judgment reversed and cause remanded.
 Rogers and Shaw, JJ., concur.